**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JAMES DAVID OFELDT,

        Petitioner,

vs.

DIRECTOR,
NEVADA DEP'T OF CORRECTIONS,

        Respondent.

Case No. 3:10-cv-00646-LRH-VPC

ORDER

Petitioner James Ofeldt has paid his filing fee. The Clerk shall be directed to file the previously submitted petition for writ of habeas corpus and a motion for appointment of counsel (dockets #1-1- and #1-2).

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require ..." Appointment is required where an evidentiary hearing must be held, but where one is not mandated the decision to appoint counsel is discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987). The purpose of § 3006A is to provide for appointed counsel whenever required if failure to do so amounts to a denial of due process. *Id.* Appointment of counsel is also authorized under 28 U.S.C. § 1915(a) and 28 U.S.C. § 2254, Rule 6(a) foll. and Rule 8(c) foll. Thereunder, appointment of counsel is required if an evidentiary hearing is held, see Rule 8(c) following 28 U.S.C. § 2254, or if necessary to permit petitioner to utilize discovery effectively, see Rule 6(a) following 28 U.S.C. S 2254.

The court must appoint counsel where the complexities of the case are such that denial of counsel would amount to a denial of due process, *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980), and where the petitioner is a person of such limited education as to be incapable of presenting his claims in such a way that the court can afford him a fair hearing, *see Hawkins v. Bennet*, 423 F.2d 948 (8th Cir. 1970).

Both the petition and the motion for counsel represent that petitioner is facing lengthy incarceration in a maximum security prison and that he suffers from sever mental illness and/or brain damage making it impossible for him to prepare and present a legally cognizable petition. Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

**IT IS THEREFORE ORDERED** that the Clerk shall detach and file the petition for writ of habeas corpus (docket #1-1) and the motion for appointment of counsel (docket #1-2). Petitioner's Motion for Appointment of Counsel (docket #1-2) is **GRANTED**. The Federal Public Defender is appointed to represent Petitioner.

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the Federal Public Defender for the District of Nevada (FPD) a copy of this Order, together with a copy of the petition for writ of habeas corpus and its attachments. The FPD shall have thirty (30) days from the date of entry of this Order to file a notice of appearance or to indicate to the Court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that the Clerk shall **RESUBMIT** this case to the Court after the FPD has appeared as counsel for petitioner, after the FPD has indicated its inability to represent petitioner, or after thirty (30) days from the entry of this Order, whichever occurs first.

///

///

1  **IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the
2  Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a
3  First Amended Petition.

5  DATED this 30th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE