UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES DAVID OFELDT, | ) | |
| Petitioner, | ) ) | 3:10-cv-00646-LRH-VPC |
| vs. | ) ) | |
| DIRECTOR, NDOC, *et al.*, | ) ) | **ORDER** |
| Respondents. | ) ) ) | |

This is an action on a petition for writ of habeas corpus filed by James Ofeldt, who is currently represented by CJA counsel. Pending before this Court is respondents' Motion for District Judge to Reconsider Order (ECF No. 27), Motion for Compliance with Habeas Rule 2 and Local Rules of Practice (ECF No. 38). The motions are fully briefed and shall be addressed below.

I.   Motion to Reconsider (ECF No. 27)

This motion addresses the Court's order permitting the petitioner to subpoena out-of-state records related to his personal mental and juvenile history. Petitioner sought the Court's leave to obtain and serve the subpoena as required by Fed. R. Civ. P. 45(b)(2)(D). *See* Motion to Subpoena Documents (ECF No. 25). The Court granted the motion before respondents had an opportunity to file any response to the motion (ECF No. 26), finding that petitioner had demonstrated good cause for the request and seeing a need for the matter to proceed in an expeditious manner. *Id.* Respondents object to the Order "based on the simple fact that Respondents were not given an opportunity to respond to the motion." Motion for Reconsideration, ECF No. 27, p. 2. Their objections to the petitioner's motion, found in a separate response (ECF No. 28), suggest that the

subpoena for petitioner's own records is discovery which should not be permitted prior to the filing of the amended petition and absent a showing of good cause under Rule 6(a) of the Rules Governing Section 2254 Cases. *Id.* Respondents further contend that the request amounts to a "fishing expedition" without justification.

The motion for reconsideration shall be denied. The availability of discovery in habeas proceedings is in the discretion of the Court. Rule 6(a), *supra*. Moreover, the request for leave to subpoena petitioner's own records from an out-of-state facility does not amount to discovery *per se* and does not fall within the rules of civil procedure related to discovery. *See* Fed. R. Civ. P. 45. Petitioner is entitled to records bearing upon his personal mental and juvenile history. The documents are not being requested of or supplied by respondents, the records are identified as relevant to a "comprehensive understanding of" conditions and circumstances that "bear on the issue in this case," and if they had been available from local sources, no intercession by this Court would have been necessary for petitioner to have obtained them. Furthermore, considering petitioner's present mental state and the state of the petition submitted originally by petitioner, the documents sought could be highly relevant to petitioner's success in these proceedings.

II.   Motion for Compliance with Habeas Rule 2 (ECF No. 38)

Next respondents move the Court to compel petitioner to produce a verification of the amended petition personally signed by petitioner, to provide a statement of exhaustion of each claim raised, and to submit a complete copy of the state court record to support the amended petition.

A.   Signed Verification

Respondents contend that petitioner's counsel is not authorized under Rule 2 of the Rules Governing Section 2254 Cases to verify the petition on petitioner's behalf. Respondents seem to suggest that the petition has been drafted and filed without the knowledge and consent of petitioner.

"[A] habeas petitioner's attorney can sign and verify the petition for the petitioner. In the absence of evidence to the contrary, there is a presumption that a petitioner has been fully informed of, and has consented to, claims raised in the petition." *Lucky v. Calderon,* 86 F.3d 923, 925 (9th Cir.1996) citing *Deutscher v. Angelone*, 16 F.3d 981, 984 (9th Cir.1994); *see also Williams v. Lockhart*, 927 F.2d 374, 375 (8th Cir.), *cert.* denied, 502 U.S. 874, 112 S.Ct. 213 (1991). Petitioner

has made no objection to the petition and respondents present no evidence to suggest he has objections. Furthermore, Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires a petition to be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." As petitioner points out in his opposition to this motion, the Advisory Committee Notes clearly indicate that "someone acting on behalf of [the petitioner]"... "for example, an attorney for the petitioner" is authorized to verify the petition on the petitioner's behalf.

Even considering the Advisory Committee Notes' suggestion that the Court should apply a third-party or "next friend" analysis in determining the propriety of a verification by a person other than the petitioner, such analysis is clearly met in the case of a court-appointed attorney representing the petitioner in the proceedings at issue. *See Whitmore v. Arkansas,* 495 U.S. 149, 163, 110 S.Ct. 1717 (1990) (next friend "must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action" and "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." (citations omitted)).

In this instance, petitioner's mental health has been made an issue in his own pro se petition, which, in fact, motivated this Court's decision to appoint counsel. Court-appointed counsel representing a habeas petitioner is duty-bound to advance and protect the interests of her client. "The role of counsel in all court proceedings is not merely to turn out, in a perfunctory and mechanical fashion, pleadings which simply "pass muster," but to conscientiously and ably represent a client in the highest tradition of the law." *In re Smith* 5 B.R. 92, 98 (Bkrtcy.D.C., 1980). Moreover, counsel, as a licensed attorney in Nevada, is bound by the Nevada Rules of Professional Conduct, including Rule 3.1 which states:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

Nevada Rules of Prof. Conduct, Rule 3.1. Being thus bound, it is clear that appointed counsel herein must be considered a person authorized to verify the petition on behalf of the petitioner as required

by Rule 2 of the Rules Governing Section 2254 Cases. Respondents' request that the petition be personally verified by the petitioner shall be denied. However, the Court will require that the verification be corrected to meet the requirements of the Form Verification found in the Appendix of Forms following the Rules Governing Section 2254 Cases, including that the declaration be made under penalty of perjury.

### B.  Required Statement of Exhaustion

Next, respondents argue that the amended petition as filed does not include a specific basis of exhaustion for each claim presented as required by Local Rule of Special Proceedings and Appeals (LSR) 3-1. Petitioner objects and argues that the amended petition "specifically and meticulously provides statements of exhaustion for all issues raised...." Opposition, p. 4.

Having reviewed the amended petition, the Court finds that petitioner has provided an adequate statement of exhaustion as to the claims raised. This request shall be denied.

### C.  Citation to the Record

Next, respondents argue that petitioner has not included adequate citation to the record, including providing and identifying the various briefs by which petitioner claims the various claims were exhausted. Petitioner responds that he provided those portions of the record that had been received from the state and that respondents assertion is contrary to Rule 5 of the Rules Governing Section 2254 Cases.

Rule 5 of the Rules Governing Section 2254 Cases imposes the responsibility upon respondents to provide transcripts of relevant hearings and copies of briefs and opinions and order of the appellate court relating to the conviction and sentence of the petition. However, this Court has required the state to provide the record to counsel for petitioner. *See* ECF No. 13. The petitioners have then been required to provide the state court record to this Court and to cite to that record in the petition in order to facilitate the review and confirmation of allegations made in the petition. *See McCaskill v. Budge,* WL 5877546. Moreover, as respondents note, the Joint Statement of the parties filed on May 23, 2011, does indicate that petitioner received an extensive list of items related to the state court record. Thus, petitioner will be required to file a Second Amended Petition for Writ of Habeas Corpus which shall be accompanied by the full record of the state court proceedings - at least

as far as is identified in the Joint Statement - and in that Second Amended Petition, petitioner shall provide appropriate citation to the documents in the record when referencing particular pleadings, motions, orders or hearing.

**IT IS THEREFORE ORDERED** that respondents' motion for reconsideration (EFC No. 27) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion for compliance with Rule 2 (ECF No. 38) is **DENIED IN PART** and **GRANTED IN PART.** Petitioner shall, within forty-five (45) days of entry of this Order, submit a Second Amended Petition which is accompanied by the State Court record - as identified in the Joint Statement filed this Court on May 23, 2011 - and which shall include proper citation to that record when referencing such documents or occurrences. The Second Amended Petition shall also include a revised verification in conformance with the Form provided in the Appendix of Forms to the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the motions for extension of time (ECF No. 31 and No. 41) are **GRANTED**. The respondents shall file their Answer or other response to the Second Amended Petition within thirty (30) days of the filing of the Second Amended Petition.

**IT FURTHER IS ORDERED** that any state court record exhibits filed by petitioner or respondents herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed shall further be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in Reno.

Dated this 3rd day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE